IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| KELVIN HOUSTON, #1820026 | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv555 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner Kelvin Houston, a prisoner confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging his Denton County conviction for the offense of sexual assault (2 counts). The case was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition should be denied. Petitioner has filed objections.

Magistrate Judge Nowak concluded that the petition is time-barred by the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Petitioner was convicted after a jury trial on September 28, 2012. His conviction was affirmed. *Houston v. State*, 410 S.W.3d 475 (Tex. App. - Ft. Worth 2013, no pet.). Petitioner did not file an application for a writ of habeas corpus in state court challenging the conviction until March 6, 2017. The Texas Court of Criminal Appeals denied the application on March 7, 2017. A second application was filed on March 30, 2017, which was denied on June 21, 2017.

Petitioner's conviction became final when the opportunity to file a petition for discretionary review expired. He had thirty days after the intermediate court of appeals affirmed his conviction to file a petition for discretionary review. Tex. R. App. Proc. 68.2(a); *Windland v. Quarterman*,

1

578 F.3d 314, 315 (5th Cir. 2009). His conviction was affirmed on August 22, 2013; thus, his conviction became final thirty days later on September 21, 2013. The present petition was due no later than one year later on September 21, 2014, in the absence of tolling provisions. It was not filed until August 2, 2017.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Petitioner states that he filed an application for a writ of habeas corpus in State court on March 6, 2017. By then, the present petition was time-barred by two and one-half years. The pendency of the state application did not effectively toll the deadline of September 21, 2014. Petitioner has not shown that either statutory or equitable tolling saves his petition; thus, the Magistrate Judge correctly found that the petition is time-barred.

In his objections, Petitioner states that he objects to the finding that his petition is time-barred, but he failed to show that the analysis of the Magistrate Judge was incorrect in any respect. He goes on to discuss the merits of his petition, but the Court does not reach the merits of the petition since it is time-barred.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice as time-barred. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**SIGNED this 4th day of January, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE